[Civ. No. 18844. Second Dist., Div. One. July 7, 1952.]

EUGENE J. GREENWALD et al., Respondents, v. ROYAL INDEMNITY COMPANY (a Corporation), Defendant; LEE CONSTRUCTION COMPANY et al., Appellants.

Willard G. Cram, Robert M. Bushnell and Myron W. Silverton for Appellants.

Teschke, Rohe, Willis & Cramer and Robert A. Rohe for Respondents.

WHITE, P. J.—This is an appeal upon a settled statement from a judgment in favor of plaintiffs after trial before the court sitting without a jury.

Respondents and appellants entered into a written agreement whereby appellants as general contractors undertook to construct for respondents as owners an automobile sales and service building in accordance with plans and specifications prepared by an architect. In the course of construction and afterwards disputes arose involving claims of faulty workmanship, failure to perform work called for by the contract, claims by the contractors for "extras," and the filing of mechanics' liens by subcontractors. Respondents brought an action against appellants and the Royal Indemnity Company which had furnished the mechanics' lien bond. Appellants cross-complained for alleged "extras." The Royal Indemnity Company having paid all mechanics' lien claims, the action was dismissed as to it. The trial court found that respondents were entitled to recover $5,171.69 as credits for work which should have been done under the contract but which appellants failed to do and for appellants' failure to

perform the plastering work in a good and workmanlike manner; that appellants were entitled to offset the sum of $4,675.34 as the reasonable value of extra labor and materials, and that respondents were entitled to judgment for the difference of $496.35.

The settled statement contains 10 assignments, numbered from I to X, in each of which it is claimed that the trial court's finding as to a specific item in dispute is predicated upon insufficient evidence. In their brief appellants have abandoned assignment V.

By assignment I, appellants contend that the court erred in allowing respondents a credit of $1,840 by reason of the elimination of the heating and ventilating system from the contract (the contract provided that if any work was eliminated the value thereof would be computed by the architects and the owners given credit therefor.) A qualified expert testified that the value of the work eliminated was $1,840. Appellants' assertion that this testimony was admitted over objection is not borne out by the settled statement. Appellants attempted to show that the value of the work was $750 by introducing a bid of La Brea Heating Company, but this bid covered a heating system only and did not include any ventilating items. ▮ Assuming that appellants' evidence created a conflict, the conflict was resolved by the trier of fact and its finding in this regard is supported by substantial evidence. The same may be said of all the remaining assignments of error.

▮ Under assignment II it is contended that the evidence is wholly insufficient to support the allowance of $2,732 as damages for faulty plastering. It is true that appellants' witness testified that the cracks in the plaster could be filled for $125 or $150; but there was also expert testimony (including that of appellants' own witnesses) that merely filling the cracks would not produce a satisfactory job, that in some places the outer coat had pulled away from the rough coat, and that it would cost as much to remove the poor plaster and replaster the walls as it had cost to do the actual plastering itself. The court's allowance was for the sum reasonably required to have the work corrected and repainted. The fact that respondents did not have the work corrected affords no basis for denying them recovery for admittedly unsatisfactory work. The contractor was required under the contract to do over any improper work, which he failed to do although repeatedly requested.

■ Under assignment III it is urged that appellants were erroneously denied an allowance for alleged extra electrical work of the reasonable value of $1,242.79. Again, the settled statement refutes appellants' claims in this regard. There was credible testimony that the electrical revisions were minor in nature and that while appellant Lee was repeatedly requested in writing to advise whether such revisions would entail any change in contract prices he failed to do so, and further failed upon demand to itemize the claimed extras. Although the contract provided that all extras should be authorized in writing for an agreed price, Lee never sought authorization for the alleged extra items and made no claim therefor until February, 1947, some months after the work was done.

■ Under assignment IV it is contended that the uncontradicted testimony of appellant Lee was that he had paid $24 for "continuous inspection for bond beam" and that the court erred in disallowing this item. The settled statement in this respect reads as follows:

"Defendant Lee testified that he thought he paid the Young Construction Company $24.00 for this item.

"Superintendent Holmes testified that this would be an allowable extra, if, in fact, Lee actually paid this item. While Lee testified he thought he paid it, he had no further evidence or proof that it actually was paid."

Appellant asserts that a receipt was produced for this item, but the record does not support this assertion.

■ By assignment VI it is contended that the evidence is uncontradicted that appellants paid out $987.04 in addition to the contract price for "extra labor and material on steel canopy." It is asserted that the "Robertson Decking" called for in the specifications was unobtainable, and that appellants paid the additional sum for a satisfactory substitute decking. The settled statement, however, summarizes testimony that "Robertson Decking" was available, that Lee was told where he could obtain it but failed to do so, and the substituted canopy and decking finally installed were inferior and less expensive than the specified decking; and further, that Lee made no claim in this regard until he submitted his general list of claimed extras in February, 1947, and declined upon demand to itemize or otherwise substantiate his claim in this regard.

■ Under assignment VII appellants asserts that they were erroneously denied an allowance claimed as an extra for

"plastering on concrete block on northwest wing, $808.30." It is stated in their brief that subcontractor Shaw testified that he did this work as an extra after informing the respondents directly that it would be an extra and receiving their oral authorization; that appellants paid him $808.30 in addition to the original contract price. The settled statement contains no such testimony. The plans called for this work as part of the original contract at no extra cost. The city ordinance required that a wall of this area be plastered. Appellant Lee admitted receiving written directions to plaster the wall at no extra cost and that he never made any objection thereto.

Under assignment VIII appellants "respectfully submit that a fair consideration of the recital in the Settled Statement as to this particular item can lead to no other conclusion than that this item was an extra, . . . "and that therefore the court's finding disallowing the item is not sustained by the evidence. Appellants offer no further argument or discussion of the matter. The settled statement discloses that appellants' subcontractor installed a brick pier which failed to meet the requirements of the contract specifications or the city ordinance, that he never examined the structural plans; that he installed a pier with six bars of steel where eight were required, and the bars he installed were of a smaller size than those called for by the plans.

Again, under assignment IX, appellants "submit that a fair consideration of the recitals in the Settled Statement" requires that the claimed extra ("additional concrete and drilling caisson holes under building for foundation, $900.00") should be allowed, and make no further argument. Reference to the settled statement discloses that upon the discovery of filled ground the parties entered into a supplementary written agreement whereby the additional foundation work thereby necessitated was to be paid for in the sum of $1,239 plus 83 cents per foot for the depth of each caisson hole in excess of 13 feet. No basis whatever for an additional claim can be found in the settled statement.

Asssignment X is wholly without support in the settled statement. As in some of the assignments previously discussed, appellants simply "submit that a fair and reasonable evaluation of the evidence" supports their bare statement that the item should have been allowed.

It is stated in the brief of appellants that the trial court adopted and settled, "without permitting any change

therein,'' the statement on appeal as proposed by the *plaintiffs* (respondents). No attempt is made, however, to impeach the verity of the statement, nor is any showing made that any effort was made in the trial court to propose corrections of, additions to, or deletions from the statement on appeal as settled by the trial court. Furthermore, assuming appellants were denied such relief in the court below, they have failed in this court to avail themselves of the provisions of rule 12, subdivision (c) of the Rules on Appeal, which provide a procedure for settlement of any differences of the parties ''with respect to alleged omissions or errors in the record.''

Manifestly, in determining the appeal herein, this court must be guided by the evidence and facts narrated in the settled statement transmitted to us. Such statement supports none of appellants' assignments of error. Further, so many statements of fact contained in appellants' brief are not only without support in, but contradicted by, the record as contained in the settled statement, as to indicate that the writer of the brief, in his preparation thereof, relied upon his recollection of what occurred or should have occurred at the trial rather than the record upon which the decision of this court must be based.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.